FILED
00 MAY -8 PM
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 8 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| REBECCA DIANE BANKS, | ) |
| | ) |
|     Appellant, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) 00-AR-0762-M |
| VALLEY FINANCE, INC. | ) |
| | ) |
|     Appellee. | ) |

**MEMORANDUM OPINION**

**Facts and Procedural Posture of the Case**

Appellant, Rebecca Diane Banks ("Banks"), filed a Voluntary Chapter 7 petition on September 23, 1999. Schedule B of that petition listed a 1972 Ford Truck valued by Banks at $200.00. Schedule D listed Appellee, Valley Finance Co., Inc. ("Valley"), as a creditor secured by a chattel mortgage on the 1972 Ford Truck. Along with her Voluntary Petition, Banks also filed, in compliance with 11 U.S.C. § 521(2), a Statement of Intention in which she declared her intent to redeem the truck.

On December 14, 1999, Banks filed a Motion to Redeem Secured Property, serving both Valley and the Trustee. On December 29, 1999, Valley filed an Objection to Debtor's Motion to Redeem Secured Property. The Bankruptcy Court set the motion for a hearing on January 5, 2000. At some point before the hearing,

3

Valley apparently filed a Dismissal of its Objection to Debtor's Motion to Redeem Secured Property in which it expressly consented to the relief sought by Banks.[1] At the January 5, 2000, hearing, Banks and her attorney appeared to argue the motion. Neither Valley nor the Trustee appeared, and Banks' attorney informed the Bankruptcy Court that Valley had filed a dismissal of its objection.

The Bankruptcy Court denied Banks' motion, holding that it was without jurisdiction to grant Banks' request to redeem because the motion was filed 37 days after the 45 day period had expired. Banks filed a Motion to Alter or Amend (the judgment) on January 14, 2000. Valley did not oppose this motion, and neither Valley nor the Trustee appeared at the hearing. The motion was heard and denied on February 9, 2000. This appeal was timely filed on February 18, 2000.

---

[1] Banks claims that Valley served her with its dismissal and presumably filed it with the Bankruptcy Court on January 5, 2000. Although the dismissal is not in the record presented, the court will assume that it was filed, or at least that it was served on Banks because Valley has not contested Banks' assertion.

### Jurisdiction and Standard of Review

This court has appellate jurisdiction under 11 U.S.C. § 158(a). Questions of law presented to this court on appeal from a Bankruptcy Court are reviewed <u>de novo</u>. See <u>In re Sublett</u>, 895 F.2d 1381 (11th Cir. 1990).

### Legal Issue

This case involves interpreting § 521(2) of the Bankruptcy Code. That section, in pertinent part, provides:

> [I]f an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate--
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title . . . the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
> (B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property as specified by subparagraph (A) of this paragraph;

In this case, it is undisputed that Banks complied with subsection (A) but that she failed to comply with subsection (B). The question for this court is whether the Bankruptcy Court erred in holding that it was without jurisdiction to grant Banks' motion to

3

redeem because the motion was filed outside the 45 day period.

Most cases interpreting § 521(2) have dealt with subparagraph (A). The question in those cases has been whether a debtor's choices of what he may do with the property are limited to surrender, redemption, or reaffirmation, or whether he also has the option of retaining property which he has purchased under an installment contract by remaining current on his obligation. That question has produced a split in the circuits. Compare Bank of Boston v. Burr (In re Burr), 160 F.3d 843 (1st Cir. 1998), Johnson v. Sun Finance Co. (In re Johnson), 89 F.3d 249 (5th Cir. 1996)(per curiam), Taylor v. AGE Fed. Credit Union (In re Taylor), 3 F.3d 1512 (11th Cir. 1993), and In re Edwards, 901 F.2d 1383 (7th Cir. 1990) with McClellan Fed. Credit Union v. Parker (In re Parker), 139 F.3d 668 (9th Cir. 1998), Capital Communications Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43 (2d Cir. 1997), Home Owners Funding Corp. of Am. v. Belanger (In re Belanger), 962 F.2d 345 (4th Cir. 1992), and Lowry Fed. Credit Union v. West, 882 F.2d 1543 (10th Cir. 1989).

The Eleventh Circuit is among four circuits which say that the options in subparagraph (A) are exclusive. See Taylor, 3 F.3d at 1516-1517. In other words, the debtor does **not** have the option of keeping the property by continuing to make timely installment

payments. The Eleventh Circuit has reasoned that to hold otherwise would make subparagraph (B) meaningless, because it is logically impossible to "perform" in 45 days an obligation that stretches over several months or years. Id. Thus, according to the Eleventh Circuit, the debtor must elect to surrender, redeem, or reaffirm, period. He cannot comply with the statute by continuing to pay his obligations on an installment contract.

Although this case does not involve an installment contract or require an interpretation of subsection (A), the Eleventh Circuit's reasoning in Taylor is relevant because the Bankruptcy Court relied on that decision in determining that the 45 day period in subsection (B) is "jurisdictional," and therefore, that it did not have the authority to grant Banks' motion because it was filed outside of the 45 day period.

Based on Taylor, the Bankruptcy Court is correct in finding that the Eleventh Circuit reads § 521(2) literally and narrowly, and that a statute that is unambiguous, as this one is, means that the obligation must be performed within 45 days. However, nothing in the statute says that a debtor's failure to perform her obligation within the 45 days renders the court without jurisdiction to rule on any motions filed by the debtor outside of that 45 day period.

5

This court believes that the issue in this case is not one of jurisdiction but one of remedy. The question is not whether the Bankruptcy Court is without authority to rule on a motion when a debtor files it outside of the 45 day period, but what are the **consequences** of the debtor's failure to comply with the 45 day requirement. It is undisputed that Congress did not provide a mechanism for enforcing § 521(2), **nor did it provide any remedies for its violation**. See, e.g., In re Donnell, 234 B.R. 567, 571-572 (Bankr. D.N.H. 1999) and In re Irvine, 192 B.R. 920, 921 (Bankr. N.D. Ill. 1996). Thus, courts are left to fashion an appropriate remedy based on the particular factual circumstances of each case.

All of the cases that this court has found concerning subsection (B) involve situations in which the debtor failed to perform his or her stated intention within 45 days and then the **creditor** took action in response. Courts have ordered many different remedies in response to creditors' motions, including compelling the debtor to comply with subsection (B), dismissing the case pursuant to 707(a), declaring the relevant debt non-dischargeable, or granting relief from the automatic stay. See In re Donnell at 572 and In Re Powell, 223 B.R. 225, 230 (Bankr. N.D. Ala. 1998) (enumerating the remedies that courts have chosen).

However, this case does not fit the mold because Valley did not take any action or attempt to obtain relief from the court when Banks failed to comply with subsection (B).  For example, Valley did not file a motion to compel, a motion to lift the stay, or a motion to dismiss after the 45 days had run.  Furthermore, not only did Valley not file its own motion, it actually dismissed its objection to Banks' motion, did not attend the hearing on the motion, and has not filed a response brief in this action.[2]  It did everything it could possibly do to cooperate with the debtor.  So, in a sense, any discussion of a "remedy" does not make sense because there is no "aggrieved party" asking the court for relief.

One of the remedies courts have chosen is ordering the debtor to comply with subsection (B), which essentially means ordering the debtor to perform her intention.  If courts have ordered this remedy in response to a **creditor's** attempt to obtain relief, the court cannot see how, in a case in which the creditor does not object to debtor's redemption, it can deny that same "remedy" to the debtor.  Thus, this court holds that the appropriate resolution

---

[2] The court can only speculate that Valley has not contested Banks' attempts to redeem because of the small dollar amount involved in this case.

is to allow the redemption.[3]

The decision of the United States Bankruptcy Court is REVERSED and the matter is REMANDED for proceedings consistent with this opinion.

DONE this 8th day of May, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Although the court has ruled in appellant's favor, its ruling is not based on Banks' argument regarding subsection (C). Banks argues that subsection (C) gives a debtor the right to redeem at any time before the lifting of the stay. The court's decision does not rely on this argument and therefore cannot be said to make any kind of determination about the meaning of subsection (C) and its interaction with subsections (A) and (B). The court does note that the Fourth and the Ninth Circuits specifically relied on subsection (C) in holding that a debtor has the option under the statute of retaining property by remaining current on her obligations under an installment contract. See Belanger, 962 F.2d at 347-348 and Parker, 139 F.3d at 673. The court can only assume that the Eleventh Circuit implicitly rejected that argument regarding subsection (C) in holding to the contrary. In any event, it is an issue for this court or the Eleventh Circuit to take up another day.